IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTRON MONYA VALRIE,                    :

            Petitioner,       :
                                         CRIMINAL NO. 08-00214-CG-M
vs.                          :
                                         CIVIL ACTION NO.09-00824-CG
UNITED STATES OF AMERICA,     :

            Respondent.       :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate,
Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 31),
and Respondent's Opposition thereto. (Doc. 35). This action was
referred to the undersigned Magistrate Judge for report and
recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of
the Rules Governing Section 2255 Cases.[1]  It is now ready for
consideration. Because the record is adequate to dispose of this
matter, no evidentiary hearing is required. It is recommended
that Petitioner's Motion to Vacate, Set Aside, or Correct

---

[1] The Honorable United States District Judge Callie V.S. Granade
presided over the guilty plea proceedings in this action and
imposed the challenged sentence. On December 21, 2009, Judge
Granade referred the matter to the undersigned Magistrate Judge
for entry of a Report and Recommendation. The undersigned has
reviewed the Petitioner's motion and related documents, the
transcripts of the guilty plea hearing and sentencing hearing,
and all other relevant documents in the Court's file and has
fully familiarized himself with the proceedings before Judge
Granade. Based upon that review, the undersigned makes the
following report and recommendation.

Sentence under 28 U.S.C. § 2255 (Doc. 31) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Antron Monya Valrie.

## I. BACKGROUND

On June 26, 2008, Petitioner was indicted for violating Title 21 U.S.C. § 846, conspiracy to possess with intent to distribute crack cocaine (Count One), and 21 U.S.C. § 841, possession with intent to distribute crack cocaine (Counts Two, Three, and Four). (Doc. 3). On or about July 22, 2008, Petitioner retained Pete J. Vallas as his attorney. (Doc. 5 at 1). On August 6, 2008, the Court granted Vallas's motion to withdraw and appointed attorney Daniel L. McCleave to represent Petitioner. (Doc. 13).

Pursuant to a plea agreement with the Government, Petitioner pled guilty on September 16, 2008, to Count One of the indictment charging a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute crack cocaine. (Doc. 19). The Government agreed not to bring any additional charges related to the facts underlying the indictment, to move to dismiss Counts Two through Four, and to recommend that Petitioner be sentenced at the low end of the advisory guideline range as determined by the Court. (Id. at 5). At Petitioner's sentencing hearing

conducted on December 16, 2008, Judge Granade sentenced Petitioner to eighty-seven months in prison, four years of supervised release following his release from prison, and an assessment of one hundred dollars. (Doc. 27 at 2-5; Doc. 34 at 7-8). The Court dismissed Counts Two, Three, and Four of the indictment. (Doc. 34 at 9).

Petitioner did not file a notice of appeal. On December 21, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 31). Though not well pled, Petitioner raises the following claims: (1) Petitioner's guilty plea on the conspiracy charge (Count One) was not made knowingly or voluntarily; and (2) Petitioner's counsel was ineffective (a) at the guilty plea stage for advising Petitioner to plead guilty to conspiracy; and (b) at sentencing for failing to object to the Court's use of 60.7 grams of crack cocaine to determine the base offense level under the Guidelines and for failing to request a two level retroactive sentence reduction based on Amendment 706. (Doc. 31 at 4, 9-17). On February 5, 2010, Respondent filed a response in opposition to Petitioner's Motion to Vacate arguing that Petitioner's claims are without merit. (Doc. 35). The Court now considers each of Petitioner's claims in turn.

## II. DISCUSSION

A.  Claim One: Involuntary and Unknowing Guilty Plea.

Petitioner argues in his Motion to Vacate that his guilty plea on the charge of conspiracy to possess with intent to distribute crack cocaine (Count One) was not made knowingly and voluntarily.  Specifically, Petitioner states that his attorney "coerced" him into entering a plea of guilty on the conspiracy charge even though "there was no conspiracy or co-conspirators, on the case in chief."  (Doc. 31 at 4).  Petitioner claims that he "had no understanding of the process in which [he] was dealing with," causing him to plead guilty to an "illegal conviction." (Id.).

The Court begins its analysis of Petitioner's claim by underscoring that the circumstances under which a guilty plea may be attacked on collateral review are severely limited.  It is well settled that "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  Bousley v. U.S., 523 U.S. 614, 621 (1998).  "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."  Id. (citations and internal quotation marks omitted).

In this action, Petitioner did not file a direct appeal.  By failing to do so, Petitioner procedurally defaulted the claim

4

that he now advances.[2]  "Where a defendant has procedurally

defaulted a claim by failing to raise it on direct review, the

claim may be raised in habeas only if the defendant can first

demonstrate either 'cause' and actual 'prejudice,' . . . or that

he is 'actually innocent.'"  Id. at 622 (citations omitted).

Petitioner has alleged neither cause nor prejudice for his

procedural default of habeas Claim One, nor has he claimed actual

innocence.  Therefore, his procedurally defaulted claim is due to

be denied.

However, even if Claim One were not procedurally defaulted,

it is due to be denied on the merits.  A plea of guilty is

constitutionally valid if "voluntary" and "intelligent."  Id. at

618.  A plea is voluntary in a constitutional sense if it was

"entered by one fully aware of the direct consequences of the

plea," and not induced by threats, misrepresentation, or

"promises that are by their nature improper as having no proper

relationship to the prosecutor's business."  Id. at 619

(citations and internal quotation marks omitted).  A plea is

intelligent in a constitutional sense if a criminal defendant

---

[2] The courts have recognized an exception to the procedural
default rule for claims that could not have been reviewed on
direct appeal without further factual development.  See Bousley,
523 U.S. at 621-22.  However, as shown herein, Petitioner's claim
related to his understanding and the voluntariness of his guilty
plea could have been fully and completely addressed on direct
review based on the record created at the plea colloquy.

received "real notice of the true nature of the charge against
him." <u>Id.</u> at 618. If the defendant "was advised by competent
counsel, was in control of his mental faculties, and was made
aware of the nature of the charge against him," his plea was
entered intelligently even if at the time of the plea, he "did
not correctly assess every relevant factor entering into his
decision." <u>Id.</u> at 619 (citations and internal quotation marks
omitted).

As discussed above, the record shows that Petitioner pled
guilty to Count One of the indictment, conspiracy to possess with
intent to distribute crack cocaine, on September 16, 2008,
pursuant to a plea agreement with the Government in which the
Government agreed not to pursue additional related charges, to
move to dismiss Counts Two through Four (possession with intent
to distribute crack cocaine), and to recommend that Petitioner be
sentenced at the low end of the advisory guideline range. (Doc.
19). On September 16, 2008, Petitioner appeared before the Court
for a hearing on his guilty plea. Prior to accepting his plea,
Judge Granade conducted a full and sufficient plea colloquy with
Petitioner as required by <u>Federal Rule of Criminal Procedure</u> 11.

During the plea colloquy, Petitioner was placed under oath and warned of
the possibility of a perjury charge if he answered any of the Court's
questions falsely during the proceedings. (Doc. 33 at 2-3). Petitioner stated

that he was not "under the influence of any drug, medication, or alcoholic beverage." (Id. at 3). Of particular significance to Petitioner's claim is the following exchange between Judge Granade and Petitioner:

> THE COURT: Have you received a copy of the indictment, the written charges in this case?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And have you fully discussed those charges and the case in general with Mr. McCleave?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand the charges pending against you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Are you fully satisfied with the counsel, representation, and advice given to you in your case by Mr. McCleave?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. Now, I've been provided with a copy of a plea agreement and a factual resume and I want you to take a look at those on the record and tell me whether that is your plea agreement and factual resume and whether you signed those documents.
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. Did you have the opportunity to read and discuss the plea agreement with Mr. McCleave before you signed it?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand the terms of your plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any agreements with the United States Government concerning your case that are not written down in this plea agreement?

MR. MCCLEAVE: Anything other than what's already written down?

THE COURT: Has anybody promised you anything other than what's written down in this plea agreement?

THE DEFENDANT: Oh, no, ma'am.

THE COURT: And has anybody made any other assurances to you of any kind in an effort to induce you to plead guilty in this case?

THE DEFENDANT: No, ma'am.

. . .

THE COURT: All right.  Has anyone attempted in any way to force you to plead guilty?

THE DEFENDANT: No, ma'am.

THE COURT: Are you pleading guilty of your own free will because you are guilty?

THE DEFENDANT: Yes, ma'am.

. . .

THE COURT: Now, you're pleading guilty to a charge of violating Title 21, United States Code, Section 846, conspiracy to possess with intent to distribute crack cocaine.  And in order to convict you of that offense the United States would have to prove that two or more persons came to a mutual understanding to violate the law, and in this case it would be to distribute or to possess with intent to distribute crack cocaine, and that you, knowing the unlawful purpose of this conspiracy, joined in it.  Do you understand what the government would have to prove in order to convict

you?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right.  Now, I asked you earlier if you had signed the factual resume attached to the plea agreement, and you said that you had.  And I want to make sure that you understand that by signing that factual resume you are agreeing that the government could prove the facts set forth in that document in order to support your guilty plea.  Do you understand and agree to that?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right.  Well, I have read that. And so I will now ask you how do you plead to the charge, guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: All right. It is the finding of the Court in the case of United States versus Antron Monya Valrie that the defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.  The plea is therefore accepted and the defendant is now adjudged guilty of that offense. . . .

(Doc. 33 at 3-10).[3]

---

[3] During the plea colloquy, Judge Granade also informed Petitioner of the maximum penalty that he faced if the Court accepted his guilty plea -- a minimum mandatory ten years to life in prison, a fine not to exceed $4,000,000, a term of supervised release of eight years, and a mandatory special assessment of $100.  (Doc. 33 at 6).  Petitioner stated that he understood the possible sentencing consequences.  (Id. at 7).

"There is a strong presumption that the statements made during the [plea] colloquy are true." United States v. Medlock, 12 F. 3d 185, 187 (11th Cir. 1994). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F. 2d 166, 168 (11th Cir. 1988).

Petitioner claims in his Motion to Vacate that his guilty plea was not knowing or voluntary because he did not understand that proof of a conspiracy required evidence of co-conspirators, which he claims was lacking. (Doc. 31 at 4). To the contrary, as set forth above, the Court specifically informed Petitioner at the guilty plea hearing that, in order to be convicted of the conspiracy charge, the Government "would have to prove that *two or more persons* came to a mutual understanding to violate the law, and in this case it would be to distribute or to possess with intent to distribute crack cocaine, and that you, knowing the unlawful purpose of this conspiracy, joined in it." (Doc. 33 at 9) (emphasis added). Petitioner acknowledged in response to questions by Judge Granade that he understood what was required to prove the conspiracy charge.

Moreover, as discussed above, the factual resume submitted by the Government and Petitioner as part of the plea agreement included an account of Petitioner and "an unknown black male"

10

selling crack cocaine to a confidential informant on February 12, 2008.[4] (Doc. 19 at 14, 16). Petitioner affirmed at the guilty plea hearing that he had read and signed the factual resume and agreed with it; he understood the charges against him and what the Government would have to prove to convict him; and he understood the terms of his plea agreement. (Doc. 33 at 3-10). Petitioner further assured the Court that that no one was forcing him to plead guilty and that no one had induced him to sign the plea agreement by making any assurances other than those contained in the plea agreement. (Id. at 4-5). To the contrary, he wanted to plead guilty because he was guilty. (Id. at 5). Therefore, Petitioner's claim now that his plea was involuntary and unknowing because he was unaware of the proof required for a conspiracy and because there was no evidence of a co-conspirator in his case is unavailing.

A defendant's representations regarding the voluntary nature of his plea "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a

---

[4] The factual resume included the following statements: "To provide the CI [confidential informant] with the crack cocaine, Antron Valrie had an unknown black male retrieve a plastic bag from the rear of the house on Front Street." (Doc. 19 at 14). "The defendant admits that he conspired with others to distribute in excess of 5 grams of crack cocaine." (Id. at 16).

strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S.
63, 74 (1977). "Petitioner cannot circumvent the terms of his
plea agreement merely because he does not like the outcome at
sentencing." <u>Bradshaw v. U.S.</u>, 2005 WL 1669036 *4 (M.D. Fla.
2005) (unpublished) (citing <u>U.S. v. Bushert</u>, 997 F.2d 1343, 1350
(11th Cir. 1993)).

The Court finds that Petitioner was fully informed of the
nature of the charges against him and the consequences of a
guilty plea to the conspiracy charge and that he voluntarily and
knowingly pled guilty to that charge. Accordingly, Claim One of
Petitioner's habeas petition is due to be denied for this reason
as well.

B. <u>Claim Two: Ineffective Assistance of Counsel</u>.

Next, in his Motion to Vacate, Petitioner claims that he is
entitled to habeas relief based on ineffective assistance of
counsel at the guilty plea and sentencing stages of his
proceedings. Specifically, Petitioner claims that his counsel
was ineffective at the guilty plea stage for advising him to
plead guilty to the conspiracy charge instead of the possession
charges. Petitioner further claims that counsel was ineffective
at sentencing for failing to object to the amount of crack
cocaine used to determine the base offense level under the
Guidelines and for failing to request a two level retroactive

sentence reduction based on Amendment 706.  (Doc. 31 at 4, 9-17).

Each of these ineffective assistance of counsel claims fails.

    1.  <u>Ineffective Assistance of Counsel at Guilty Plea</u>.

"A habeas petitioner claiming ineffective assistance of

counsel must succeed on both prongs of the <u>Strickland</u> test."

<u>Scott v. U.S.</u>, 325 Fed. Appx. 822, 824 (11th Cir. 2009)

(unpublished)[5] (citing <u>Butcher v. United States</u>, 368 F.3d 1290,

1293 (11th Cir. 2004)).

> The <u>Strickland</u> test applies to challenges of
> guilty pleas, as well as to convictions by jury.
> <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S. Ct. 366,
> 370, 88 L. Ed. 2d 203 (1985).  In this context,
> the first prong of <u>Strickland</u> requires the
> defendant to show his plea was not voluntary
> because he received advice from counsel that was
> not within the range of competence demanded of
> attorneys in criminal cases.  <u>See</u> <u>id.</u> at 369-70.
> The second prong "focuses on whether counsel's
> constitutionally ineffective performance affected
> the outcome of the plea process," meaning the
> defendant must show "a reasonable probability
> that, but for counsel's errors," he would have
> entered a different plea.  <u>Id.</u> at 370 (stating the
> test in the context of an accepted guilty plea);
> <u>see also</u> <u>Diaz v. United States</u>, 930 F.2d 832, 835
> (11th Cir. 1991) (applying the test to a rejected
> plea agreement).

<u>Scott</u>, 325 Fed. Appx. at 824.

---

[5] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions
are not considered binding precedent, but may be cited as
persuasive authority."  <u>Lanier Constr., Inc. v. Carbone Props. of
Mobile, LLC</u>, 253 Fed. Appx. 861, 865 n.5 (11th Cir. 2007)
(unpublished).

For the reasons discussed above in relation to habeas Claim
One, the Court rejects Petitioner's claims that his counsel was
ineffective at the guilty plea stage for failing to inform him
that proof of a conspiracy requires the existence of a co-
conspirator and for advising him to plead guilty to the
conspiracy charge (as opposed to the three possession with intent
to distribute charges) where, Petitioner claims, there was no
evidence of a co-conspirator.  First, as discussed above, the
Court, if not Petitioner's counsel, fully informed Petitioner of
the elements of the conspiracy charge prior to accepting his
guilty plea.  Second, there was evidence of a co-conspirator, "an
unknown black male," who along with Petitioner sold crack cocaine
to a confidential informant on February 12, 2008, all of which
Petitioner acknowledged before pleading guilty.  (Doc. 19 at 14,
16; Doc. 33 at 9).  Moreover, in exchange for Petitioner's guilty
plea on the conspiracy charge, the Government promised not to
pursue additional charges, to move to dismiss the three remaining
charges of possession with intent to distribute, and to recommend
that Petitioner be sentenced at the low end of the advisory
guideline range, all of which was accomplished.  (Doc. 34 at 9,
7).  Petitioner's argument that he would have received a more
favorable outcome if counsel had advised him to plead guilty to
the three possession with intent to distribute charges, instead

of the conspiracy charge, presupposes that the Government would have agreed to dismiss the conspiracy charge in exchange for guilty pleas on the other three counts and that the Court would have given Petitioner a more favorable sentence, all of which is pure conjecture. In any event, Petitioner has failed to show that counsel was deficient for advising him to plead guilty to conspiracy and that, but for counsel's errors, he would have entered a different plea. See Scott, 325 Fed. Appx. at 824. Therefore, Petitioner's ineffective assistance of counsel claim based on counsel's advice at the guilty plea stage is due to be denied.

        2.    Ineffective Assistance of Counsel at Sentencing.

Next, with respect to Petitioner's ineffective assistance of counsel claims directed to his sentence, Petitioner claims that his counsel was ineffective for failing to object to the Government's use of 60.7 grams of crack cocaine, as opposed to 15 grams, to calculate the base offense level under the Guidelines and for failing to request a two level retroactive sentence reduction based on Amendment 706. (Doc. 31 at 4, 9-17). The Court finds that these claims are waived.

As set forth above in relation to habeas Claim One, this Court has found that Petitioner knowingly and voluntarily entered into a plea agreement with the Government on September 16, 2008.

(Doc. 19). That plea agreement contained a sentence appeal waiver in which Petitioner agreed to relinquish his right to directly appeal his sentence or to pursue a post-conviction proceeding or collateral attack of his sentence (including but not limited to a motion brought under 28 U.S.C. § 2255), except in limited circumstances. (Id. at 10-11). Specifically, in the section of the Agreement entitled "Limited Waiver of Right to Appeal Sentence," Petitioner agreed to the following:

> 19. The defendant acknowledges that he/she is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the recommendations made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence imposed in this case.

> 20. With the limited exceptions noted below, the defendant also waives his/her right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255. "Any sentence so imposed" includes any determination or sentence imposed in a supervised release revocation proceeding.

> 21. The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

> a. Any punishment imposed in excess of the statutory maximum;

> b. Any punishment that constitutes an upward departure from the guideline range; or

> c. A claim of ineffective assistance
> of counsel.

> 22. In addition, the defendant reserves the
> right to petition the Court for resentencing
> pursuant to 18 U.S.C. § 3582 in the event of a
> future retroactive amendment to the Sentencing
> Guidelines which would affect the defendant's
> sentence.

(Id. at 10).

As with plea agreements, "[i]t is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. U.S., 396 F.3d 1340, 1341 (11th Cir. 2005) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. (quoting Bushert, 997 F.2d at 1351).

During the plea colloquy, the following exchange took place between Judge Granade and Petitioner regarding the sentence appeal waiver:

> THE COURT: Do you also understand that under some
> circumstances you or the government may have the
> right to appeal any sentence that I impose;
> however, your plea agreement contains a limited
> waiver of your right to appeal the sentence itself

and in your case you have reserved the right to contest on appeal or in a post-conviction proceeding only if punishment is imposed in excess of the statutory maximum, if punishment is imposed that constitutes an upward departure from the guideline range, or if you have a claim of ineffective assistance of counsel? Do you understand that you have waived your right to appeal or to file a post-conviction proceeding in all but those three circumstances outlined in your plea agreement?

THE DEFENDANT: Yes, ma'am.

(Doc. 33 at 7-8).

Based on the foregoing, the Court finds that Petitioner entered into his sentence appeal waiver knowingly and voluntarily. Thus, he has waived his right to challenge his sentence directly or collaterally except in the three limited circumstances enumerated in the waiver. Although a claim of ineffective assistance of counsel is one of the exceptions listed in the sentence appeal waiver, that exception does not apply where Petitioner has merely re-cast a waived challenge to his sentence as an ineffective assistance of counsel claim. In Williams, 396 F.3d at 1342, the Eleventh Circuit held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." As noted by the Williams court, a decision

18

otherwise would render the waiver meaningless.  Id., 396 F.3d at
1342.

The Court has analyzed Petitioner's ineffective assistance
of counsel claims related to his sentence, i.e., that counsel
failed to object to the amount of crack cocaine used to calculate
the base offense level and failed to request a two level
retroactive sentence reduction based on Amendment 706,[6] and finds
that Petitioner has simply disguised his otherwise waived
sentencing claims as ineffective assistance of counsel claims,
which is clearly forbidden by Williams.  Thus, Petitioner's
habeas claims based on ineffective assistance of counsel at
sentencing are due to be denied.

<u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255
Proceedings, the undersigned recommends that a certificate of
appealability in this case be denied.  28 U.S.C. foll. § 2255,
Rule 11(a) ("The district court must issue or deny a certificate

_____

[6] With respect to Petitioner's claim that his counsel was
ineffective for failing to request a two level retroactive
sentence reduction related to Amendment 706, even if that claim
were not waived, it is without merit.  Petitioner was sentenced
on December 16, 2008.  (Doc. 27).  Amendment 706 went into effect
on November 1, 2007, readjusting the minimum amount of crack
cocaine required to trigger the base offense levels set forth in
U.S.S.G. § 2D1.1, and effectively reducing by two levels all base
offense levels for crack cocaine offenses.  See United States v.
Greene, 2010 WL 1192230, *1 (N.D. Fla. 2010).  Because Petitioner
was sentenced after the effective date of Amendment 706, the
reduction has already been applied to his sentence.

19

of appealability when it enters a final order adverse to the
applicant."). The habeas corpus statute makes clear that an
applicant is entitled to appeal a district court's denial of his
habeas corpus petition only where a circuit justice or judge
issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).
A certificate of appealability may issue only where "the
applicant has made a substantial showing of the denial
of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a
habeas petition is being denied, in part, on procedural grounds
without reaching the merits of an underlying constitutional
claim, "a COA should issue [only] when the prisoner shows . . .
that jurists of reason would find it debatable whether the
petition states a valid claim of the denial of a constitutional
right and that jurists of reason would find it debatable whether
the district court was correct in its procedural ruling."  Slack
v. McDaniel, 529 U.S. 473, 484 (2000).  Where a habeas petition
is being denied on the merits of an underlying constitutional
claim, a certificate of appealability should issue only when the
petitioner demonstrates "that reasonable jurists would find the
district court's assessment of the constitutional claims
debatable or wrong."  Id. ("To obtain a COA under § 2253(c), a
habeas prisoner must make a substantial showing of the denial of
a constitutional right, a demonstration that, under Barefoot [v.

*Estelle*, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); *accord* *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

None of Petitioner's claims are such as would warrant the issuance of a Certificate of Appealability. The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

<u>CONCLUSION</u>

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 31) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Antron Monya Valrie. In addition, the undersigned Magistrate Judge is of the opinion that Petitioner is not entitled to issuance of a Certificate of Appealability. It is so recommended.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.    *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The_objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[15] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  <u>Fed. R. Civ. P.</u> 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 9th day of June, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE